# H. A. ROTHROCK v. EASTON SCHOOL DISTRICT.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS OF NORTHAMPTON COUNTY.

Argued March 12, 1890—Decided March 24, 1890.
[To be reported.]

1. When a public officer claims a salary, fees, or compensation for services rendered to the public, he must show an act of assembly authorizing his demand; if he cannot show such act of assembly, he cannot recover compensation for the services rendered.

2. A city school district, which is organized under a special act and never accepted the provisions of §§ 41–44, act of May 23, 1874, P. L. 230, is not liable to the city controller for compensation for services in auditing its accounts, though rendered in obedience to a resolution of the district.

Before PAXSON, C. J., STERRETT, GREEN, CLARK and WILLIAMS, JJ.

No. 302 January Term 1890, Sup. Ct.; court below, No. 13 October Term 1888, C. P.

On August 18, 1888, a case stated was filed, wherein Henry A. Rothrock was plaintiff, and the school district of the city of Easton was defendant, setting out as follows:

The city of Easton is a city of the third class, incorporated under the act of assembly of May 23, 1874, P. L. 230, and became such on the first Monday of April, 1887.

The councils of said city on April 12, 1887, enacted an ordinance fixing the compensation of the city controller. The

board of school controllers of the school district of said city did not accept the provisions of said act of May 23, 1874, providing for the public schools, but said school district continued to act under the special law of March 22, 1866, P. L. 287, entitled, "An Act relating to Common Schools of the Borough of Easton."

By virtue of § 11, act of March 19, 1828, P. L. 183, entitled "An Act to alter an act for erecting the town of Easton, etc.," and of § 4, act of March 27, 1873, P. L. 429, entitled "A Supplement to the act incorporating the borough of Easton," and the act of April 24, [?] entitled "An Act to authorize and require auditors, etc.," the school district of the city of Easton had power to appoint an auditor or auditors to examine the accounts of the treasurer.

Henry A. Rothrock, the plaintiff above named, was elected controller of the city of Easton on the third Tuesday of February, 1887, and assumed the duties of said office on the first Monday of April of said year.

The said plaintiff, as controller of said city, refused to act as controller or auditor of the school district. Thereupon, after consideration by the board of school directors, the matter was referred to the judiciary committee of said board, which committee in May, 1887, reported to the board that it was the duty of the city controller to act as controller for the school district and audit the accounts of the school treasurer, which report was unanimously adopted by the board. In pursuance of this action of the board, the plaintiff acted as controller of the school district and audited the accounts of the treasurer, for which services he has received no compensation from the said school district.

If the court be of opinion that the said plaintiff is entitled to compensation from the said defendant, as controller of said school district, for said services, then judgment to be entered for the plaintiff in the sum of two hundred dollars; but if not, judgment to be entered for the defendant.

After argument, the court on December 30, 1889, filed the following opinion, REEDER, J.:

It is provided by the act of May 23, 1874, § 39, that the qualified electors of a city shall elect a city controller to serve

for a term of two years, whose duties shall be " to have supervision and control of the fiscal concerns of all departments, means and officers of the city and school districts," etc.   In accordance with the provisions of said act, the plaintiff, Henry A. Rothrock was elected controller of the city of Easton on the third Tuesday of February, 1887.   By virtue of said election and also by reason of a resolution of the board of directors of said school district, he performed the duties of controller, and passed upon all bills contracted for by the school board.

The school board did not organize under the provisions of the act of 1874, but continued to act under special acts of assembly providing for a school district in the borough of Easton.

These acts provide for the election of a treasurer of the school funds, and for auditors to pass upon their accounts. By reason of their non-acceptance of the act of 1874, they had a right to elect a treasurer of the school fund.   This they did, electing the then city treasurer.   They also had a right to elect an auditor; this they did when they elected the city controller to act for them in that capacity.   The special act provides that the auditor shall be compensated for his services.   What that amount may be, it is not necessary for us to consider here, as by the case stated it is agreed that if the controller is entitled to any compensation at all, he shall have judgment for $200.

Had the school board accepted the provisions of the act of 1874, a very different question would then have been presented for our consideration; they then would have been obliged to accept the services of the city controller, and would have had no discretion in the matter, and we might have been obliged to hold that he was bound to perform the duty of supervising the accounts, etc, of the school board for the compensation fixed by the city councils, and without any extra compensation. But we are not called upon here to pass upon that question. The fact is, they did not accept the act of 1874, and were therefore not bound by its provisions.   They exercised the right of election granted them by the special acts relating to that matter, and elected the plaintiff, who was the controller, to perform those duties imposed by the special acts of assembly upon an auditor, and they are therefore bound to compensate him for such labor.

Arguments.

—Judgment having been entered in favor of the plaintiff for $200, in accordance with the foregoing opinion, the defendant took this appeal, assigning the order directing the entry of said judgment for error.

*Mr. William Mutchler*, for the appellant:

1. The court below seems to admit that, as city controller, acting under the municipal act of May 23, 1874, the plaintiff could not recover, but bases the judgment on the ground that he acted as borough auditor, and not as city controller. This was not the question submitted by the case stated, and none of the special acts relating to the public schools of Easton provide for compensation to auditors to be paid by the school district. The acceptance or non-acceptance of the act of 1874, by the district, has nothing to do with the question. The thirty-ninth section of the act makes it the imperative duty of the city controller to act for the school district. The proviso to § 41, relating to public schools, has no reference to city controllers, and applies only to cities in existence at the time of the passage of the act.

2. Whatever services were rendered by the plaintiff were rendered in his capacity as controller. The performance of these services was made incumbent upon him by the act of 1874. That act also provides for his compensation by the city, to be fixed by ordinance, but omits any reference to the school district. In this state, the courts have always proceeded on the safe principle of requiring statutory authority for all claims upon the public treasury, and because of the absence of any such authority the claim of the plaintiff must fall : Lehigh Co. v. Semmel, 124 Pa. 358; Wayne Co. v. Waller, 90 Pa. 103.

3. Moreover, the plaintiff's right to recover depends upon the performance of his duties as controller for the school district, under the act of 1874. If that part of the act relating to school matters be unconstitutional, clearly he would have no standing to recover. The constitution forbids the passage of local or special laws relating to school districts; and school districts are separate quasi corporations, distinct from the general municipality : Dillon on Mun. Corp., §§ 22, 24; Wharton v. School D., 42 Pa. 358. Neither does the title of the act of 1874 contain any reference to school matters, as is required by

the constitution, article III., § 3; Hatfield v. Commonwealth,
120 Pa. 395; Ayars' App., 122 Pa. 283.

*Mr. Aaron Goldsmith,* for the appellee:

1. The power given by the act of March 27, 1873, P. L. 429,
to appoint " one person to be borough auditor," was superseded
when the borough of Easton became a city under the act of
May 23, 1874, P. L. 230.   Hence the school district was com-
pelled to appoint its own auditor, otherwise its accounts could
not have been audited and settled.   It selected the plaintiff,
not because it was his duty as city controller to perform such
service, but because, as he was city controller, he was in a po-
sition to be better able to supervise and audit the accounts of
the school treasurer, who was likewise city treasurer.   The
services having been performed solely for the school district,
it must pay for them.

2. The proviso to § 41 of the act of 1874, and all the other
sections of that act, relating to the public schools, are uncon-
stitutional: Penna. R. Co. v. Riblet, 66 Pa. 164; Eby's App.,
70 Pa. 311; Hatfield v. Commonwealth, 120 Pa. 395; Ayars'
App., 122 Pa. 283.   This appears to be conceded by the de-
fendant, and if true, all argument based upon that act must
fall with it.   This at one blow strikes down the position that
by the act of 1874 it is the duty of the city controller to audit
and settle the accounts of the school district.   It was not, there-
fore, the duty of the city controller to perform such service,
and the plaintiff having acted as the auditor of said district, is
entitled to compensation for the same.

OPINION, MR. CHIEF JUSTICE PAXSON :

It appears from the case stated that the school district of the
borough of Easton did not accept the act of May 23, 1874, pro-
viding for the public schools, but continued to act under the
special law of March 22, 1866, P. L. 287, entitled "An Act
relating to Common Schools of the Borough of Easton."   It
also appears that, by virtue of the several other acts referred
to in the case stated, the said school district had the power to
appoint an auditor or auditors to examine the accounts of the
treasurer.   The learned judge below states in his opinion that
" the special act provides that the auditor shall be compensated

for his services." It was contended by the appellant that the learned judge was mistaken in this, and that all of the acts referred to omit any reference to compensation from the school district. This is certainly so as to the act of 1866. The other acts I have not examined, as they are not considered to have any bearing upon the question now before us.

The city of Easton is a city of the third class, incorporated under the act of May 23, 1874. The councils of said city, on April 12, 1887, enacted an ordinance fixing the compensation of the city controller. Henry A. Rothrock, the plaintiff above named, was duly elected controller, and entered upon the duties of his office on the first Monday of April, 1887. He declined to act as controller or auditor of the school district, whereupon the board of school directors passed a resolution declaring that it was his duty as city controller to audit said accounts. In pursuance of or obedience to this resolution, the plaintiff proceeded to audit the accounts of the school district, and this suit was brought to recover compensation therefor.

When a public officer claims a salary, fees, or compensation for services rendered to the public, he must show an act of assembly giving it. If he cannot show such act, he cannot recover. The plaintiff's compensation as city controller was fixed by ordinance of councils. As controller, he is entitled to the compensation thus fixed, and nothing more. But it was urged he was also auditor for the school board, and is entitled to compensation for services in that capacity. If we concede the facts, we might possibly concede the inference drawn from them by appellant. But he was never elected or appointed auditor for the school district. Instead of electing him auditor, the contention of the school board was that, as city controller, it was his duty to audit the accounts of the school district, and he acquiesced in that view so far as to audit said accounts. It is manifest that he never held the independent office of auditor of the school district, and it follows logically that he cannot claim compensation for performing the duties of an office which he never filled. We are not called upon to inquire, therefore, what, if any, compensation a duly-elected auditor would have been entitled to claim.

> The judgment is reversed, and judgment is now entered in favor of defendant.