# Huntingdon County v. Spyker's Exrx., Appellant.

*Public officers — County treasurer — Settlement of accounts — Credits—Release—Consideration.*

1. Where fraud is not alleged and proved, neither a county treasurer nor his sureties are entitled, in a suit on the treasurer's of-

ficial bond, to any credits which were not allowed in the settlement of his accounts by the county auditors, or on appeal therefrom.

2. The county commissioners have no power to release a county official or his bondsmen from liability, except upon a valuable consideration moving to the county.

3. The release of a claim which has no legal validity cannot operate as a consideration for the surrender of a proved or admitted claim against a public official and his sureties.

4. Public officials when dealing with public assets cannot give something for nothing, under any pretense whatever.

Argued May 9, 1922. Appeal, No. 387, Jan. T., 1922, by defendant, from judgment of C. P. Huntingdon Co., Feb. T., 1920, No. 25, on verdict for plaintiff, in case of County of Huntingdon v. Ella B. Spyker, now Etters, Executrix of G. N. Spyker, deceased, Grace Brewster, Administratrix of John Brewster, deceased, Mollie Jane Schuldt, Executrix of Andrew Schuldt, deceased, W. S. Leister, J. G. Gillam, William Kenaga and John Phillips. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Assumpsit on bond. Before BARNETT, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff against Ella B. Spyker, now Etters, executrix of G. N. Spyker, deceased, for $2,314.75 on case tried by the court without a jury. Ella B. Spyker, executrix, appealed.

*Error assigned,* inter alia, was judgment, quoting it.

*James S. Woods,* for appellant.—County commissioners have some discretionary powers: Northampton Co. v. Yohe, 24 Pa. 305; Stebbins v. Crawford Co., 92 Pa. 289.

The surrender of a doubtful claim of right is good consideration for a contract: Sutton v. Dudley, 193 Pa. 194; Gormly v. Gormly, 130 Pa. 467; Depuy v. Loomis, 74 Pa. Superior Ct. 497.

*R. A. Orbison,* with him *C. H. Whittaker,* for appellee.

OPINION BY MR. JUSTICE SIMPSON, June 24, 1922:

In a suit brought by the County of Huntingdon, upon the bond of G. N. Spyker, its former treasurer, the court below directed a verdict for plaintiff as against the executrix of his will, and in favor of the other defendants; judgment was entered thereon and this appeal was taken by the executrix.

Spyker was treasurer of the county from August 5, 1907, until the first Monday of January, 1910, giving the bond in suit for the faithful performance of his duties. Each year, during his term of office, the county auditors settled and adjusted his accounts for the preceding year; no appeal was taken from any of these settlements except that for the year 1909, which showed he was indebted to the county in the sum of $11,987.62; against it he claimed, on the appeal, a credit of $2,-582.18; the court of common pleas framed an issue to determine whether or not this should be allowed, and the judgment therein, in favor of the county, was affirmed by this court: Spyker v. Wible, 236 Pa. 380.

Upon the trial of the present case, the foregoing facts being duly proved, the county was entitled to binding instructions, so far as concerns this appellant, unless the legal effect thereof was rebutted by other evidence. Recognizing this, she produced and offered the following resolution of the county commissioners: "After due consideration,......on motion duly made and seconded, that Ella B. Spyker, executrix of the will of G. N. Spyker, deceased, be exonerated of the claim the county holds now, February 4, 1916, against Ella B. Spyker, executrix of the will of G. N. Spyker, deceased......The said judgment No. 4, December Sessions, 1910, being a balance only of $2,582.18, which was the original amount, is to be satisfied of record at the direction of the county commissioners and county auditors." It further appeared, however, that the commissioners were advised

this action was illegal, and hence, on July 17, 1916, they passed the following resolution: "That the motion of February 4, 1916, exonerating Ella B. Spyker, executrix of the will of G. N. Spyker, from the claim of the county, and directing that the judgment against her, to No. 4, December Term, 1910, in favor of the county, be satisfied of record, is hereby rescinded and said claim is hereby reinstated." At this time the judgment was still unsatisfied, and appellant had paid nothing except the costs, for which the estate was responsible in any event.

It is admitted by her that the attempted exoneration, above set forth, is of no validity, unless there was a valuable consideration for it. She does not claim that payment of the costs, under the circumstances stated, was sufficient for the purpose; but avers that, at the time of the exonerating resolution of February 4, 1916, was passed, she agreed to release the county from a claim for $6,000, which she alleged was due her testator for commissions upon moneys distributed during the year 1909, and that this furnished ample consideration for the action of the commissioners. A number of objections are made to this claim; but we need only point out that, if such a liability existed, Spyker was bound to present it on the audit of his account for that year, and his failure so to do,—and to appeal from the award made by the auditors, if it was disallowed,—conclusively determines (in the absence of fraud, which is not alleged), that he received all the credits to which he was entitled: Northampton County v. Yohe, 24 Pa. 305; Spyker v. Wible, 236 Pa. 380. In the latter case we said: "The manifest intention of the statute is that the accounts of each year shall be settled by the auditors at the close of the year, and that such settlement shall become final and conclusive upon the parties, unless an appeal to the common pleas is taken in accordance with the provision of the act." This being so, the alleged claim for $6,000 could not legally be of any value whatever, especially after so

great a lapse of time; and hence could not furnish a consideration for the attempted exoneration.

This conclusion does not affect the general rule that the "surrender of a doubtful claim of right is a good consideration for a contract": Sutton v. Dudley, 193 Pa. 194. It does determine, however, that no legal claim existed in the present instance, and that public officials in this State, when dealing with public assets, cannot give something for nothing, under any pretense whatever.

The judgment of the court below is affirmed.