## McNulty *v.* Throop Borough School District, Appellant.

Argued January 27, 1930. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ.

*John Memolo,* with him *David Schwartz,* for appellant.—This court has repeatedly held that the minutes of a board of school directors are the best evidence: Gearhart v. Dixon, 1 Pa. 224; Whitehead v. School Dist., 145 Pa. 418; Roland v. School Dist., 161 Pa. 102.

The contents of a writing must be proved by the production of the writing, before secondary evidence can be given: Canfield v. Johnson, 144 Pa. 61, 76; Williamsport v. Water Co., 232 Pa. 232; Muncey v. Pullman Taxi, 269 Pa. 97.

*James J. Powell,* with him *James P. Wilson,* for appellee.—Controller's reports are best evidence: Hamburg Boro. v. Doering, 8 Pa. Dist. R. 131; Blackmore v. Allegheny Co., 51 Pa. 160; Siggins v. Com., 85 Pa. 278; Northampton Co. v. Herman, 119 Pa. 373; Schuylkill Co. v. Boyer, 125 Pa. 226; Westmoreland Co. v. Fisher, 172 Pa. 317.

We think the question in the case at bar is expressly ruled in Boggs v. Miles, 8 S. & R. 406.

Opinion by Mr. Justice Frazer, March 17, 1930:

At the November election in 1925, Mrs. Emma Bright and James J. McNulty were opposing candidates for the office of tax collector for the Borough of Throop in Lackawanna County. The former was returned as elected, received a certificate of election and later the directors of the school district of that borough fixed her commissions for collecting schol tax for the years 1926-1927 and 1927-1928 at 5 per cent on all sums collected and paid over by her. She collected taxes due the school district from January, 1926, to March 12, 1928. McNulty contested the return of the election of Mrs. Bright, of which proceedings the school district had notice before issuing its warrant to her, and obtained a decree in his favor in the court below, which, on March 12, 1928, we affirmed in Bright's Contested Election, 292 Pa. 389, whereupon the tax duplicates were delivered to him for

collection from that date. Subsequent to our decision above referred to, McNulty instituted the present action against the school district of the Borough of Throop to recover the sum of $14,759.52, with interest, being the total amount of commissions and fees claimed to have been paid to Mrs. Bright by the school district, pending determination of the contested election proceedings. At the trial plaintiff offered in evidence reports of the two borough controllers who successively filled that office and made the audits of the school district for the period covered by this litigation, and additional thereto the collectors themselves testified to the correctness and authenticity of the reports. The documents were objected to by defendant as incompetent and irrelevant, and were admitted over objection. No evidence was presented by defendant, its motion for a nonsuit was refused; the plaintiff's motion for binding instructions was allowed, and the court directed a verdict for plaintiff in the sum of $15,869.72, the amount, with interest, disclosed by the controllers' audits to have been illegally paid as fees and commissions to Mrs. Bright. A motion for a new trial was refused, and the school district appeals.

A single and the same question is presented for our determination by both parties to this appeal. They ask whether the borough controllers' reports of the audits of the school district's financial affairs, confirmed by the court and unappealed from, and supported by testimony of the controllers themselves, showing the amount of fees and commissions paid Mrs. Bright, as collector de facto, are competent evidence to determine the amount of fees and commissions due McNulty as collector de jure. The learned court below held they were proper and competent evidence, saying very aptly: "There is no doubt of the competency of the controllers' reports as evidence in this case, even if the controllers themselves had not been called. This report becomes a settled account and is quasi-judicial in character." It

would require the rejection of an ancient rule and also of a distinctive practice in the law of evidence to decide otherwise. The borough controllers are authorized by section 2603 of the School Code of 1911 to audit the accounts of school districts of the third class, to which the school district of the Borough of Throop belongs. The audit reports involved here were offered, as stated by the court below, for the purpose of proving the amount of commissions received by Mrs. Bright, the amount of the duplicates she collected and, for the further purpose of basing the claim of plaintiff to those commissions. The reports were certainly properly admitted for such purpose. What was said on this subject in Dikeman v. Parrish, 6 Pa. 210-221, is wholly applicable here. In that case records of county commissioners were admitted, over objection, to establish the taxation and sale of land. The court said: "Certainly no objection could be raised against them on the score of irrelevancy; for they went to prove the important facts of the taxation and sale of these lands as unseated. Nor are they liable to the imputation of incompetency as instruments of proof. It has long been the practice to receive, as legal evidence, documents of this character, when sufficiently identified, in which are recorded the public transactions of the county commissioners as public functionaries intrusted with the discharge of important duties. ...... It is indeed, but the long established law of evidence, which regards official papers of public agents as proof in themselves of the subject to which they relate." And see Lewisburg v. Augusta, 2 W. & S. 69; Cuttle v. Brockway, 24 Pa. 145; Huzzard v. Trego, 35 Pa. 9; Evanston v. Gunn, 99 U. S. 660.

Here the identity of the papers was established, their purpose as proof shown. They were of that character of documents and records generally admitted in evidence, notwithstanding their authenticity is not confirmed by the usual and ordinary tests of truth, the obli-

gation of an oath and the right of cross-examining the persons on whose authority the truth of the documents depend: 1 Greenleaf on Evidence, section 483.

The controller is a public officer: Rothrock v. Easton School Dist., 133 Pa. 487, 491; his audit, filed with the court or with the prothonotary, is recognized by law, because required by statute to be made, and the entries are of public interest and under the sanction of an oath of office, or at least under that of official duty: 1 Greenleaf on Evidence, section 484. In the present case the reports of the audits by the controllers, being approved by the court and unappealed from, were settled accounts and conclusive, a principle long established: Northampton Co. v. Yohe, 24 Pa. 305; and plaintiff showed by the reports themselves, and by official verification, that they were what they were purported to be: 22 C. J. 812.

We have confined our consideration of this appeal to determination of the sole question raised by the statement of the questions involved, as stated by appellant, and the counter statement set out by appellee, both statements being in almost identical language and raising precisely the same question.

Had we found it necessary however, to determine the question of the right of a de jure officer to recover the amount of commissions received by a de facto officer under circumstances similar to those here involved, a reference to Marshall v. Uniontown Boro. School Dist., 262 Pa. 224, would show ample authority to sustain a recovery by plaintiff.

The judgment of the court below is affirmed.